1  DONGXIAO YUE
2  2777 ALVARADO ST., SUITE C
   SAN LEANDRO, CA 94577
3  Telephone:    (510) 396-0012
   Facsimile:    (510) 291-2237
4  E-Mail:    ydx@netbula.com

5  *Pro Se*

6

7

8

9

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

10  DONGXIAO YUE,

11                          Plaintiff,

12      v.

13

14  21st Century Insurance, a Delaware
    corporation; Accenture plc, a British company;
15  American International Group, Inc., a
    Delaware corporation; Capital One Financial
16  Corp., a Delaware corporation; Citicorp Credit
17  Services, Inc., a Delaware corporation;
    Canadian Imperial Bank of Commerce, a
18  Canadian company; Cox Communications,
    Inc., a Delaware corporation; CVS Pharmacy,
19  Inc., a Rhode Island corporation; Fair Isaac
    Corporation, a Delaware corporation;
20  Fairmont Raffles Hotels International Inc.., a
21  Canadian company; Fiserv, Inc., a Wisconsin
    corporation; HCL Technologies Limited, an
22  Indian company; International Business
    Machines Corp., a New York corporation;
23  Insurance.com, an Ohio company; JPMorgan
24  Chase & Co., a Delaware corporation; Lloyds
    Tsb Bank Plc, a British company; Metapath
25  Software International Inc., a Delaware
    corporation; Ness Technologies, Inc., a
26  Delaware corporation; Ness Global Services,
27  Inc., a Pennsylvania corporation; Principal

Case No.

COMPLAINT FOR COPYRIGHT
INFRINGEMENT UNDER 17 U.S.C.
SECTION 101 *et seq.*

DEMAND FOR JURY TRIAL

28

-1-

1  Financial Group, Inc., a Delaware corporation;
   priceline.com Incorporated, a Delaware
2  corporation; Rogers AT&T Wireless), a
   Canadian company; Royal Bank of Scotland, a
3  Scottish corporation; Tata Consultancy Service
   Limited, an Indian company; Thomson
4  Reuters Corporation, a Delaware corporation;
   Texas Instruments Inc., a Delaware
5  corporation; Time Warner Cable Inc., a
   Delaware corporation; T-Mobile USA, Inc., a
6  Delaware corporation; United Parcel Service,
   Inc., a Delaware corporation; United Services
7  Automobile Association, a Texas corporation;
8  Valued Services Holdings, LLC, a Georgia
   limited liability company; VeriSign Inc., a
9  Delaware corporation; Wachovia Corporation,
   a North Carolina corporation; Warner Music
10 Group Corp., a Delaware corporation; and
   DOES 1-500, inclusive,
11

12

13                      Defendants.

14
                         **COMPLAINT**
15

16
        Plaintiff Dongxiao Yue ("Dr. Yue" or "Plaintiff") complains and alleges against
17
   21st Century Insurance, a Delaware corporation; Accenture plc, a British company; American
18
   International Group, Inc., a Delaware corporation; Capital One Financial Corp., a Delaware
19
   corporation; Citicorp Credit Services, Inc., a Delaware corporation; Canadian Imperial Bank of
20
   Commerce, a Canadian company; Cox Communications, Inc., a Delaware corporation; CVS
21
   Pharmacy, Inc.,  a Rhode Island corporation; Fair Isaac Corporation, a Delaware corporation;
22
   Fairmont Raffles Hotels International Inc.., a Canadian company; Fiserv, Inc., a Wisconsin
23
   corporation; HCL Technologies Limited, an Indian company; International Business Machines
24
   Corp., a New York corporation; Insurance.com, an Ohio company; JPMorgan Chase & Co., a
25
   Delaware corporation; Lloyds Tsb Bank Plc,  a British company; Metapath Software International
26
   Inc., a Delaware corporation; Ness Technologies, Inc., a Delaware corporation; Ness Global
27

28                          -2-

1  Services, Inc., a Pennsylvania corporation; Principal Financial Group, Inc., a Delaware
2  corporation; priceline.com Incorporated, a Delaware corporation; Rogers AT&T Wireless, a
3  Canadian company; Royal Bank of Scotland, a Scottish corporation; Tata Consultancy Service
4  Limited, an Indian company; Thomson Reuters Corporation, a Delaware corporation; Texas
5  Instruments Inc., a Delaware corporation; Time Warner Cable, Inc., a Delaware corporation; T-
6  Mobile USA, Inc., a Delaware corporation; United Parcel Service, Inc., a Delaware corporation;
7  United Services Automobile Association, a Texas corporation; Valued Services Holdings, LLC, a
8  Georgia limited liability company; VeriSign Inc., a Delaware corporation; Wachovia Corporation,
9  a North Carolina corporation; Warner Music Group Corp., a Delaware corporation; and DOES 1-
10  500 (collectively, "Defendants") as follows:

11      1.    By this Complaint, Plaintiff seeks relief for infringing the copyrights of his
12  computer software by Defendants.

### JURISDICTION

14      2.    This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C.
15  §§ 1331 and 1338(a), as this action arises out of the laws of the United States of America.  More
16  specifically, the claims for copyright infringement founded upon the Copyright Act at 17 U.S.C. §
17  101 *et seq*.

18      3.    This Court has personal jurisdiction over Defendants in this action and venue is
19  proper in this judicial district under 28 U.S.C. § 1391(b) because, as alleged below:  (a) at least
20  one of the Defendants resides in the State of California and in this judicial district; (b) Defendants,
21  and each of them, have intentionally engaged in substantial business and related communications
22  within this forum, amounting to sufficient minimum contacts - including, but not limited to, the
23  sale of their products and/or services into California and, on information and belief, into this
24  judicial district, via the Internet and otherwise; and (c) a substantial part of the acts giving rise to
25  the asserted claims occurred or had effects in this judicial district.  Furthermore, on information
26  and belief, Defendants have infringed Plaintiff's copyrights via the Internet and otherwise, in every
27  jurisdiction of the United States, including this judicial district.

28

Case No.                                                                                              COMPLAINT

1

### INTRADISTRICT ASSIGNMENT

2

4.      Because this action is an Intellectual Property Action as specified in Northern

3

District of California Civil L.R. 3-2(c), it is to be assigned on a district-wide basis.

4

### THE PARTIES

5

6

5.      Plaintiff Dongxiao Yue ("Dr. Yue" or "Plaintiff"), is an individual residing in

7

Alameda County, California, within this judicial district.  Plaintiff is the sole owner of the

8

exclusive copyrights in dispute and has been assigned all past and future claims arising from

9

infringement of the copyrights.

10

6.      On information and belief, defendant 21st Century Insurance ("21CI") is a Delaware

11

company with its principal place of business located at 3 BEAVER RD, WILMINGTON DE

12

19803.

13

7.      On information and belief, defendant Accenture plc ("Accenture ") is a British

14

corporation with its place of business located at 1345 Avenue of the Americas, New York, New

15

York.

16

8.      On information and belief, defendant American International Group, Inc. ("AIG ")

17

is a Delaware corporation with its principal place of business located at 70 Pine Street, New York,

18

NY.

19

9.      On information and belief, defendant Capital One Financial Corp. ("Capital One")

20

is a Delaware corporation with its principal place of business located at 1680 Capital One Drive

21

Suite 1400, McLean, Virginia.

22

23

10.     On information and belief, defendant Citicorp Credit Services, Inc. ("CCS") is a

24

Delaware corporation with its principal place of business located at 399 Park Avenue, New York,

25

NY.

26

27

28

-4-

1      11.    On information and belief, defendant Canadian Imperial Bank of Commerce

2  ("CIB") is a Canadian company with its address at COMMERCE COURT, TORONTO ON

3  CANADA M5L 1A2.

4      12.    On information and belief, defendant Cox Communications, Inc ("Cox") is a

5  Delaware corporation with its principal place of business located at 1400 lake Hearn Drive,

6  Atlanta, Georgia.

7      13.    On information and belief, defendant CVS Pharmacy, Inc.("CVS") is a Rhode

8  Island corporation with its principal place of business located at One CVS Drive, Woonsocket, RI.

9

10     14.    On information and belief, defendant Fair Isaac Corporation ("Fair Issac ") is a

Delaware corporation with its principal place of business located at 901 Marquette Avenue Suite

11  3200, Minneapolis, Minnesota.

12

13     15.    On information and belief, defendant Fairmont Raffles Hotels International Inc..

14  ("FRHI") is a Canadian company with its principal place of business located at Canadian Pacific

15  Tower, 100 Wellington St., Toronto, Canada.

16     16.    On information and belief, defendant Fiserv, Inc. ("Fiserv"), which operates the

17  Fiserv Lending Solutions unit, is a Wisconsin corporation with its principal place of business

18  located at 255 FISERV DRIVE, BROOKFIELD, WI.

19     17.    On information and belief, defendant HCL Technologies Limited ("HCL") is an

20  Indian company with its principal place of business located at 330 POTRERO DRIVE,

21  SUNNYVALE CA 94085.

22     18.    On information and belief, defendant International Business Machines Corp.

23  ("IBM") is a New York corporation with its principal place of business located at 1 New Orchard

24  Road, Armonk, NY.

25     19.    On information and belief, defendant Insurance.com ("IC") is an Ohio company

26  with its principal place of business located at 29000 AURORA RD, SOLON OH 44139.

27

28                                -5-

20.    On information and belief, defendant JPMorgan Chase & Co. is a Delaware corporation with its principal place of business located at 270 Park Avenue, New York, NY.

21.    On information and belief, defendant LLOYDS TSB BANK PLC ("Lloyds ") is a British company with its place of business located at 1095 AVENUE OF THE AMERICAS 34TH FL, New York, NY.

22.    On information and belief, defendant Metapath Software International Inc. ("MSI ") is a Delaware corporation with its place of business located at 777 109th Avenue NE, Suite 200, Bellevue, Washington, 98004.

23.    On information and belief, defendant Ness Technologies, Inc. ("NTI") is a Delaware corporation with its principal place of business located at 3 University Plaza, Suite 600, Hackensack, NJ 07601.

24.    On information and belief, defendant Ness Global Services, Inc. ("NGSI") is a Pennsylvania corporation with its principal place of business located at 160 Technology Drive Canonsburg, PA.

25.    On information and belief, defendant Principal Financial Group, Inc. ("PFG") is a Delaware corporation with its principal place of business located at 711 High Street, Des Moines, Iowa 50392.

26.    On information and belief, defendant priceline.com Incorporated ("Priceline") is a Delaware corporation with its principal place of business located at 800 Connecticut Avenue, Norwalk, CT.

27.    On information and belief, defendant Rogers AT&T Wireless ("Rogers") is a Canadian company with its place of business located at 333 Bloor Street East, Toronto, ON M4W 1G9, Canada.

-6-

28.    On information and belief, defendant Royal Bank of Scotland ("RBS ") is a Scottish corporation with its principal place of business located at Royal Bank of Scotland Group plc, 36 St, Andrew Square, Edinburgh, SCO EH2 2YB, United Kingdom.

29.    On information and belief, defendant Tata Consultancy Service Limited ("TCS ") is a Indian company with its principal place of business located at Air India Blvd, Nariman Point 11th Fl, Mumbai India 400 021.

30.    On information and belief, defendant Thomson Reuters Corporation ("Thomson") is a Delaware corporation with its principal place of business located at 3 Times Square, New York, NY.

31.    On information and belief, defendant Texas Instruments Inc. ("TI") is a Delaware corporation with its principal place of business located at 12500 TI Boulevard, Dallas, TX.

32.    On information and belief, defendant Time Warner Cable Inc. ("TWC") is a Delaware corporation with its principal place of business located at 60 Columbus Circle, New York, NY.

33.    On information and belief, defendant T-Mobile USA, Inc. ("T-Mobile ") is a Delaware corporation with its principal place of business located at 12920 SE 38th St., Bellevue, Washington.

34.    On information and belief, defendant United Parcel Service, Inc ("UPS") is a Delaware corporation with its principal place of business located at 55 Glenlake Parkway NE, Atlanta, Georgia.

35.    On information and belief, defendant United Services Automobile Association ("USAA") is a Texas corporation with its principal place of business located at 9800 Fredericksburg Road, San Antonio, TX 78288

-7-

36.    On information and belief, defendant Valued Services Holdings, LLC ("VSH ") is a Georgia limited liability company with its principal place of business located at FIVE CONCOURSE PARKWAY, SUITE 1000, ATLANTA GA 30328.

37.    On information and belief, defendant VeriSign Inc. ("VeriSign") is a Delaware corporation with its principal place of business located at 487 East Middlefield Road, Mountain View, CA.

38.    On information and belief, defendant Wachovia Corporation ("Wachovia ") is a North Carolina corporation with its principal place of business located at 301 S. College St., Ste. 4000, Charlotte, North Carolina.

39.    On information and belief, defendant Warner Music Group Corp. ("Warner") is a Delaware corporation with its principal place of business located at 75 Rockefeller Plaza, New York, NY.

40.    Plaintiff does not know the true names and capacities, whether individual, corporate, associate, or otherwise, of defendant DOES 1 through 500, inclusive.  Plaintiff is informed and believes, and based upon such information and belief alleges, that each DOE defendant was in some way responsible for, participated in, or contributed to the matters and things of which Plaintiff complains herein, and in some fashion, has legal responsibility therefore. Certain of defendant DOES 1 through 500 are predecessors, successors, parents, subsidiaries, affiliates, agents, partners, resellers, service providers, customers and/or potential customers of the other named Defendants.  When the exact nature and identity of such fictitious defendants and their responsibility for participation and contribution to the matters and things herein alleged is ascertained by Plaintiff, Plaintiff will amend this Complaint to set forth the same.

## FACTUAL DETAILS

41.    Since 1994, Dr. Yue, had worked to develop software named "PowerRPC." PowerRPC was a remote procedure call ("RPC") technology that enabled a program on a

-8-

1  computer to execute a command on a remote computer over a network and get results back. Dr.

2  Yue also developed software called ONC RPC for Microsoft Windows, which incorporated most

3  of the program files and modules in PowerRPC. In the following, Plaintiff will use "PowerRPC"

4  to refer to both "PowerRPC software" and "ONC RPC for Windows software."

5

6

7  42.    Dr. Yue is the owner of the PowerRPC copyrights at issue either originally or by

8  written assignment, including the "YUE PWRPC" copyright with U.S. copyright registration

9  number "TXu 1-576-987 ("the `987 Copyright") , the "NETBULA POWERRPC" with U.S.

10  copyright registration number TX 6-211-063 ("the `063 Copyright") and the "NETBULA

11  POWERRPC 2K4" with U.S. copyright registration number TX 6-491-697 (the "`697

12  Copyright") .

13  43.    The U.S. copyright registration certificates of the `987, `063 and `697 copyrights

14  are attached in Exhibits A, B, C respectively. The copyright assignment to Plaintiff is attached as

15  Exhibit D.

16  44.    The PowerRPC and ONC RPC software contain two parts:  (1) the "Software

17  Development Kit" ("SDK") that consists of the software tools which allow programmers to create

18  applications based on PowerRPC technology, including the "powerrpc.h", "pwrpcapi.h",

19  "pwrpc32.lib", "pwrpc32.dll", "powerrpc.exe", "pmapsvc.exe", "rpcgen.exe", "rpcinfo.exe" and

20  other files; and (2) the "runtime software" that consists of files providing the core remote call

21  functionality to applications developed with PowerRPC , including the "pwrpc32.dll",

22  "pmapsvc.exe", "portmap.exe" and other program files. The pwrpc32.dll is a binary file that

23  contains the computer instructions for PowerRPC. The "pwrpc" in "pwrpc32.dll" is an

24  abbreviation of "PowerRPC".   The "pwrpc32.dll", "pmapsvc.exe" and other PowerRPC and ONC

25

26

27

28

-9-

1  RPC program files are unique and original copyrighted software written by Plaintiff, and are

2  registered under the `063 Copyright, the `697 Copyright and the `987 Copyright.

3      45.    In January 2008, Plaintiff filed a lawsuit against Chordiant Software, Inc.

4  ("Chordiant") in the U.S. District Court of the Northern District of California, alleging that

5  Chordiant infringed the PowerRPC copyrights in developing and distributing products under the

6  name of Chordiant Marketing Director, previously known as Prime@Vantage.

7

8      46.    In the following, Plaintiff will refer to both Chordiant Marketing Director and

9  Prime@Vantage as "CMD."

10     47.    Plaintiff's lawsuit against Chordiant was tried to a jury, which reached a unanimous

11  verdict on May 14, 2010.

12     48.    In August 2010, pursuant to the jury verdict, the U.S. District Court entered

13
   judgment in favor of Plaintiff on claim of copyright infringement as to each copyrighted work.
14
       49.    Chordiant infringed Plaintiff's copyrights by developing CMD with Plaintiff's RPC
15

16  SDK for Windows. Chordiant placed multiple versions of Plaintiff's RPC SDK software on its

17  computer networks, for unrestricted download by its developers around the world. Chordiant's

18  employees and contractors also emailed the SDKs to each other and copied the SDKs for the

19  development of CMD.
20
       50.    Chordiant also infringed Plaintiff's copyrights by distributing the Plaintiff's SDK
21
   files and/or distributable files along with the CMD products, in object code and/or source code
22
23  forms.

24     51.    CMD is a marketing application that manages offers of services and products to

25  existing or prospective customers. Users of CMD perform marketing activities from their

26  Windows personal computers by communicating with server computers.

27

28                              -10-

52.    CMD uses PowerRPC for the communications between Windows personal computers and the server computers.

53.    The PowerRPC files distributed with CMD include files from the PowerRPC SDK, such as "pwrpc32.dll", "rpcinfo.exe" and "pwrpc32.dll."

54.    At least in some versions of CMD products, the RPC servers use PowerRPC technology to accept commands from any number of clients running on end-user computers, such as PCes and workstations. The CMD RPC servers require the "pwrpc32.dll" and "pmapsvc.exe" files and the code generated by "rpcgen.exe" and other SDK files. Plaintiff's RPC code runs the main cycle of a CMD server: (1) waiting for incoming requests; (2) decoding and dispatching requests for processing; (3) encoding and sending back the results. CMD takes advantage of the multi-threading capability in PowerRPC to handle many requests concurrently.

55.    The client application in CMD is used by individual PC or workstation users to communicate with the RPC servers. The communications between CMD clients and CMD servers are performed by executing program code created by the "rpcgen.exe" and other PowerRPC SDK components (such as header files and pwrpc32.lib library) and the code in the "pwrpc32.dll" runtime library.

56.    Both the RPC server application and the client application in CMD rely on the PowerRPC Portmapper program ("pmapsvc.exe") and the "pwrpc32.dll" library for communicating marketing information and performing marketing activities. The "rpcinfo.exe" is a computer program for monitoring the status of the RPC services on the network.

57.    On information and belief, Defendants are licensees of the CMD products; Defendants had accessed various versions of the infringing CMD products, which included the

-11-

1 | "pwrpc32.dll", "pmapsvc.exe" and "rpcinfo.exe" files, via shipment of the software on CD-ROM

2 | media from Chordiant or via internet download from Chordiant's computers, directly or indirectly.

3 | 58.    On information and belief, each of the Defendants installed, reproduced, distributed,

4 | used, adapted or otherwise copied various versions of the infringing CMD products.

5
6 | 59.    On information and belief, Defendants had been provided notice of Plaintiff's

7 | copyright infringement claims, or had actual or constructive knowledge of Plaintiff's copyright

8 | infringement claims, with respect to the infringing CMD products.

9 | 60.    On information and belief, Defendants have each continued to copy and continues

10 | to copy the infringing CMD products.

11 | 61.    On about April 21, 2010, Pegasystems, Inc. ("Pegasystems") acquired Chordiant.

12 | Pegasystems filed a declaration with the U.S. District Court regarding Plaintiff's notices to the

13 | licensees of the CMD products. Plaintiff then sent letters to Pegasystems regarding the CMD

14 | licensees. Pegasystems did not respond to Plaintiff's letters.

15

16 | ### CLAIMS FOR RELIEF

17 | ### COPYRIGHT INFRINGEMENT

18 | ### (17 U.S.C. § 101 et seq.)

19 | 62.    Defendants reproduced, displayed, adapted, exhibited, and/or distributed Plaintiff's

20 | software and other copyrighted content contained in the CMD products, in violation of Plaintiff's

21 | exclusive rights granted by the Copyright Act.

22 | 63.    On further information and belief, Defendants have also knowingly participated in,

23 | facilitated, supported, materially contributed to, and/or encouraged the copying, reproducing,

24 | displaying, adapting, exhibiting, and/or distribution of Plaintiff's copyrighted software by each

25 | other and by third parties, with actual and constructive knowledge of the infringements committed

26 | by and through each other and the third parties. On further information and belief, at all relevant

27

28 | -12-

1  times, each of the Defendants had the right, ability, and opportunity to halt and/or control the

2  unlawful conduct of each of the other Defendants and third parties as alleged herein.

3      64.    On information and belief, each of the Defendants, through: (a) their active

4  participation in the infringing conduct of each other and of third parties; (b) their assistance of and

5  material contribution to each other and third parties in the infringing conduct; (c) their supervision

6  of and ability to control or halt the infringing conduct of each other and third parties; and (d) the

7  substantial, direct financial benefits that each of the Defendants has derived and continues to

8  derive from all of the aforesaid acts, all with full knowledge of their unlawfulness, is liable for the

9

10  infringing conduct of each of the other Defendants and each third party as alleged hereinabove.

11      65.    By means of the unlawful conduct alleged herein, Defendants have deprived and

12  will continue to deprive Plaintiff of gains, revenues, royalties, business advantages, and/or the

13  opportunity to recover his investment in his intellectual creation, both direct and indirect.  On

14  information and belief, Defendants have also derived substantial financial benefit from their

15  unlawful conduct with respect to Plaintiff's copyrighted materials, as well as from the unlawful

16

17  and infringing conduct of each other and of third parties.

18      66.    Each infringing act of copying, reproducing, displaying, adapting, exhibiting,

19  and/or distributing the content of Plaintiff's RPC technology (including but not limited to the

20  "pwrpc32.dll", "rpcinfo.exe" and "pmapsvc.exe" files), as well as the continuing threat of the

21  same, constitutes a separate claim against Defendants, and each of them, under the Copyright Act.

22

23      67.    Defendants have realized profits from the copying, reproduction, distribution,

24  adaptation, exhibition, and/or displaying of the above-referenced content of Plaintiff's copyrighted

25  works.

26

27

28                                    -13-

68.     Plaintiff is entitled to recover from Defendants the damages he has sustained and will sustain, and any gains, profits, and advantages obtained by Defendants as a result of Defendants' acts of infringement alleged above, be they direct or indirect.

69.     The amount of damages is presently unknown but will be proven at trial.

70.     Furthermore, because Defendants are in possession of Plaintiff's software and it is extremely difficult control their copying and distribution, Plaintiff will continue to suffer irreparable harm.  Plaintiff is entitled, pursuant to 17 U.S.C. § 502, to injunctive relief restraining Defendants and all persons acting in concert with them, from engaging in any further violation of Plaintiff's copyrights.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment to be entered against Defendants as follows:

1.     That Defendants, and each of them, be held liable for  infringement of Plaintiff's copyrights in violation of the federal Copyright Act, 17 U.S.C. § 501 *et seq*., as alleged herein;

2.     That Defendants and their officers, employees, agents, servants, attorneys, and representatives, and all other persons, firms, or corporations in active concert or privity or in participation with them, be ordered to immediately deliver to the Court for impoundment (and destruction upon entry of final judgment against Defendants) all illegal copies of Plaintiff's software in their possession, custody or control;

3.     That Defendants and their officers, employees, agents, servants, attorneys, and representatives, and all other persons, firms, or corporations in active concert or privity or in participation with them, be preliminarily, and thereafter permanently, enjoined and restrained from engaging in any conduct that infringes Plaintiff's copyrights;

4.     That Plaintiff be awarded damages as a result of Defendants' acts of copyright infringement;

-14-

1    5.    That Plaintiff recover any direct or indirect profits of Defendants that are

2  attributable to the infringement of Plaintiff's copyrights;

3    6.    That the Court order an accounting of Plaintiff's software distributed by

4  Defendants to third parties, as well as the disclosure of the identities of them, and allow Plaintiff to

5  amend this Complaint to name such third parties in this action for their infringement of Plaintiff's

6  copyrights;

7    7.    That Plaintiff recover its reasonable attorneys' fees pursuant to any applicable laws

8  and/or rules;

9    8.    That Plaintiff recover its full costs of this suit, including expert witness costs,

10  pursuant to 17 U.S.C. § 505 and any other applicable laws and/or rules; and

11

12    9.    That Plaintiff be granted such other and further relief as this Court deems just and

13  proper.

14

Dated:   August 17, 2010

15

16

17    By:    _____

Dongxiao Yue

18    *Pro Se*

19

20

21

22

23

24

25

26

27

28    -15-

Case No.    <span style="float:right">COMPLAINT</span>

1

2                        **DEMAND FOR JURY TRIAL**

3           Plaintiff Dongxiao Yue demands a jury trial in this action.

4   Dated:   August 17, 2010

5

6                                         By:    Dongxiao Yue
7                                                *Pro Se*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

                                    -16-
28

# EXHIBIT A

# Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code*,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Registration Number:**

# TXu 1-576-987

**Effective date of
registration:**

November 27, 2007

## Title ────────────────────────────────

| | |
|---|---|
| **Title of Work:** | YUE PWRPC |
| **Previous or Alternative Title:** | YRPC |

## Completion/Publication ──────────────

| | |
|---|---|
| **Year of Completion:** | 1996 |

## Author ───────────────────────────────

| | |
|---|---|
| ■ **Author:** | DONGXIAO YUE |
| **Author Created:** | COMPUTER PROGRAM |
| **Work made for hire:** | No |
| **Domiciled in:** | United States |
| **Year Born:** | 1968 |
| **Anonymous:** | No | **Pseudonymous:** No |

## Copyright claimant ──────────────────

| | |
|---|---|
| **Copyright Claimant:** | DONGXIAO YUE |
| | 2777 ALVARADO STREET, SUITE C, SAN LEANDRO, CA, 94577 |

## Limitation of copyright claim ──────

| | |
|---|---|
| **Material excluded from this claim:** | RPC SRC 4.0 |
| **Previously registered:** | No |
| **New material included in claim:** | New computer program text, revisions and additional text of computer program |

## Certification ────────────────────────

| | |
|---|---|
| **Name:** | DONGXIAO YUE |
| **Date:** | November 15, 2007 |

# EXHIBIT B

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Form TX**
For a Nondramatic Literary Work
UNITED STATES COPYRIGHT OFFICE

RE **TX 6-211-063**

EFFECTIVE DATE OF REGISTRATION

10    18    05
Month    Day    Year

---

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**1**

**TITLE OF THIS WORK ▼**
NETBULA POWERRPC

**PREVIOUS OR ALTERNATIVE TITLES ▼**

**PUBLICATION AS A CONTRIBUTION** If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared. **Title of Collective Work ▼**

If published in a periodical or serial give: **Volume ▼**    **Number ▼**    **Issue Date ▼**    **On Pages ▼**

**2**

**a** **NAME OF AUTHOR ▼**
NETBULA, LLC

**DATES OF BIRTH AND DEATH**
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☑ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶ U.S.A.
Domiciled in ▶

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?    ☐ Yes  ☑ No
Pseudonymous?  ☐ Yes  ☑ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Briefly describe nature of material created by this author in which copyright is claimed. ▼
Computer program

**NOTE**
Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

**b** **NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶
Domiciled in ▶

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?    ☐ Yes  ☐ No
Pseudonymous?  ☐ Yes  ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Briefly describe nature of material created by this author in which copyright is claimed. ▼

**c** **NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶
Domiciled in ▶

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?    ☐ Yes  ☐ No
Pseudonymous?  ☐ Yes  ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Briefly describe nature of material created by this author in which copyright is claimed. ▼

**3**

**a** **YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED**
1996
◀ Year    This information must be given in all cases.

**b** **DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK**
Complete this information ONLY if this work has been published.
Month ▶ September  Day ▶ 1  Year ▶ 1996
U.S.A.    ◀ Nation

**4**

**COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2. ▼
NETBULA, LLC
2777 Alvarado Street, Suite C, San Leandr, CA 94577

**TRANSFER** If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

**APPLICATION RECEIVED**
OCT. 18. 2005
**ONE DEPOSIT RECEIVED**
OCT. 18. 2005
**TWO DEPOSITS RECEIVED**

**FUNDS RECEIVED**

DO NOT WRITE HERE
OFFICE USE ONLY

See instructions before completing this space.

---

**MORE ON BACK ▶**  • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
• See detailed instructions.  • Sign the form at line 8.

DO NOT WRITE HERE
Page 1 of 2 pages

EXAMINED BY _____                          FORM TX

CHECKED BY

☑ CORRESPONDENCE                                          FOR
  Yes                                                     COPYRIGHT
                                                          OFFICE
                                                          USE
                                                          ONLY

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?
☐ Yes  ☑ No  If your answer is "Yes," why is another registration being sought? (Check appropriate box.) ▼

**5**

a. ☐ This is the first published edition of a work previously registered in unpublished form.
b. ☐ This is the first application submitted by this author as copyright claimant.
c. ☐ This is a changed version of the work, as shown by space 6 on this application.

If your answer is "Yes," give: **Previous Registration Number** ▶            **Year of Registration** ▶

**DERIVATIVE WORK OR COMPILATION**
Preexisting Material  Identify any preexisting work or works that this work is based on or incorporates. ▼

**a**  **6**

SUN RPCSRC 4.0 1984, RFC 1831, RFC 1832

See instructions
before completing
this space.

Material Added to This Work  Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

**b**

New programming text, revisions and additional text of computer program.

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.
Name ▼                                              Account Number ▼

**a**  **7**

Sheppard Mullin Richter & Hampton LLP                    DA: 92924

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent.   Name/Address/Apt/City/State/ZIP ▼

**b**

Edwin Komen - Sheppard Mullin Richter & Hampton LLP
1300 I Street, NW - 11th Floor East
Washington, DC 20005-3314

Area code and daytime telephone number ▶ 202-218-0000        Fax number ▶ 202-218-0020
Email ▶  ekomen@sheppardmullin.com

**CERTIFICATION\*** I, the undersigned, hereby certify that I am the
                                        Check only one ▶  ☐ author
                                                          ☐ other copyright claimant
                                                          ☐ owner of exclusive right(s)
                                                          ☑ authorized agent of  NETBULA, LLC

**8**

of the work identified in this application and that the statements made                    Name of author or other copyright claimant, or owner of exclusive right(s) ▲
by me in this application are correct to the best of my knowledge.

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.

Edwin Komen                                              Date ▶ December 7, 2005

Handwritten signature (X) ▼

X _____

**Certificate**     Name ▼
**will be**
**mailed in**     Edwin Komen - Sheppard Mullin Richter & Hampton LLP
**window**
**envelope**     Number/Street/Apt ▼
**to this**
**address:**      1300 I Street NW - 11th Floor East

**9**

                 City/State/ZIP ▼
                 Washington, DC 20005-3314

\*17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

# EXHIBIT C

# Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, United States Code,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Form TX**
For a Nondramatic Literary Work
UNITED STATES COPYRIGHT OFFICE

TX 6-491-697

EFFECTIVE DATE OF REGISTRATION

*Dec 15 2006*
Month _____ Day _____ Year _____

---

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

## 1
**TITLE OF THIS WORK ▼**
NETBULA POWERRPC 2K4

**PREVIOUS OR ALTERNATIVE TITLES ▼**
NETBULA PowerRPC

**PUBLICATION AS A CONTRIBUTION** If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared.    **Title of Collective Work ▼**

If published in a periodical or serial give:  Volume ▼        Number ▼        Issue Date ▼        On Pages ▼

## 2
**a**
**NAME OF AUTHOR ▼**
NETBULA, LLC

**DATES OF BIRTH AND DEATH**
Year Born ▼        Year Died ▼

Was this contribution to the work a
"work made for hire"?
☑ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶ U.S.A.
{ Domiciled in ▶ _____

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?    ☐ Yes  ☑ No
Pseudonymous?  ☐ Yes  ☑ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Briefly describe nature of material created by this author in which copyright is claimed. ▼
COMPUTER PROGRAM

**NOTE**
Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

**b**
**NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼        Year Died ▼

Was this contribution to the work a
"work made for hire"?
☐ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶ _____
{ Domiciled in ▶ _____

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?    ☐ Yes  ☐ No
Pseudonymous?  ☐ Yes  ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Briefly describe nature of material created by this author in which copyright is claimed. ▼

**c**
**NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼        Year Died ▼

Was this contribution to the work a
"work made for hire"?
☐ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶ _____
{ Domiciled in ▶ _____

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?    ☐ Yes  ☐ No
Pseudonymous?  ☐ Yes  ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Briefly describe nature of material created by this author in which copyright is claimed. ▼

## 3
**a** **YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED** This information must be given ONLY if this work 2004 ◀ Year in all cases.

**b** **DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK** Complete this information
Month ▶ January  Day ▶ 15  Year ▶ 2004
has been published.  U.S.A  ◀ Nation

## 4
**COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2. ▼
NETBULA, LLC
2777 ALVARADO STREET, SUITE C
SAN LEANDRO, CA 94577, U.S.A

**TRANSFER** If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

APPLICATION RECEIVED
DEC 15 2006
ONE DEPOSIT RECEIVED
DEC 15 2006
TWO DEPOSITS RECEIVED

FUNDS RECEIVED

---

**MORE ON BACK ▶**  • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
• See detailed instructions.    • Sign the form at line 8.

DO NOT WRITE HERE
Page 1 of ___ pages

EXAMINED BY ▢XMA

CHECKED BY

▢ CORRESPONDENCE
Yes

FORM TX

FOR
COPYRIGHT
OFFICE
USE
ONLY

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?
☒ Yes ☐ No  If your answer is "Yes," why is another registration being sought? (Check appropriate box.) ▼
a. ☐ This is the first published edition of a work previously registered in unpublished form.
b. ☐ This is the first application submitted by this author as copyright claimant.
c. ☒ This is a changed version of the work, as shown by space 6 on this application.
If your answer is "Yes," give: **Previous Registration Number** ▶ TX-6-211-063     **Year of Registration** ▶ 2005

**5**

**DERIVATIVE WORK OR COMPILATION**
Preexisting Material  Identify any preexisting work or works that this work is based on or incorporates. ▼

SUN RPCSRC 4.0, Netbula PowerRPC (Registered: TX-6-211-063)

Material Added to This Work  Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

revisions and additional text of computer program, new programming text

**6**
a

b

See instructions
before completing
this space.

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.
Name ▼                                     Account Number ▼

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent.   Name/Address/Apt/City/State/ZIP ▼

DON YUE
2777 ALVRADO STREET, SUITE C
SAN LEANDRO, CA 94577

Area code and daytime telephone number ▶ 510-396-0012          Fax number ▶ 510-291-2237
Email ▶ ydn@netbula.com

**7**
a

b

**CERTIFICATION** I, the undersigned, hereby certify that I am the
☐ author
☐ other copyright claimant
Check only one ▶ ☐ owner of exclusive right(s)
☒ authorized agent of  NETBULA, LLC
                        Name of author or other copyright claimant, or owner of exclusive right(s) ▲
of the work identified in this application and that the statements made
by me in this application are correct to the best of my knowledge.

**8**

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.

DONGXIAO YUE                                          Date ▶ December 7, 2006

Handwritten signature (X) ▼

X _____

**9**

Certificate
will be
mailed in
window
envelope
to this
address:

Name ▼
DON YUE

Number/Street/Apt ▼
2777 ALVRADO STREET, SUITE C

City/State/ZIP ▼
SAN LEANDRO, CA 94577

• Complete all necessary spaces
• Sign your application in space 8

SEND ALL 3 ELEMENTS
IN THE SAME PACKAGE:
1. Application form
2. Nonrefundable filing fee in check or money
   order payable to Register of Copyrights
3. Deposit material

MAIL TO:
Library of Congress
Copyright Office - TX
101 Independence Avenue, S.E.
Washington, D.C. 20559-6222

*17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

Rev: July 2003—xxx   Web Rev: July 2003   ⊕ Printed on recycled paper                                    U.S. Government Printing Office: 2000-461-113/80,021

# EXHIBIT D

# COPYRIGHT ASSIGNMENT

This Copyright Assignment is made by **NETBULA, LLC, a Delaware Limited Liability Company** (hereafter **NETBULA or Assignor**) with its principal address of business at 2777 ALVARADO STR, SUITE C, SAN LEANDRO, CA 94577, USA  to **Dr. DONGXIAO YUE** (hereafter **DR. YUE or Assignee**), an individual currently residing in Union City, California, USA.

For valuable consideration, receipt and sufficiency of which are hereby acknowledged, NETBULA transfers and assigns to DR. YUE, his successors and assigns, in perpetuity, all rights, ownership, title, and interest, throughout the world, including any copyrights and renewals or extensions thereto, in the works with U.S. copyright registration numbers TX 6-211-063, TX 6-446-398, TX 6-459-456, TX 6-437-847, TX 6-491-697 and all Netbula PowerRPC and Netbula ONC RPC software created before January 1, 2007 (collectively "THE POWERRPC COPYRIGHTS"). The Assignor acknowledges that DR. YUE was the founder of Netbula, LLC and the natural person who created the works protected by the THE POWERRPC COPYRIGHTS. The description of the works protected by the THE POWERRPC COPYRIGHTS is provided in Exhibit A of this copyright assignment document.

NETBULA further assigns to DR. YUE, his successors and assigns, the right to collect payment for any past, current and future use of the works protected by THE POWERRPC COPYRIGHTS in any part of the world. NETBULA further assigns to **DR. YUE**, his successors and assigns, any and all claims assertable under copyright against any infringement of THE POWERRPC COPYRIGHTS in any part of the world which may have heretofore arisen or which may hereafter arise as well as the right to investigate, prosecute, settle or otherwise control such accrued, ongoing or prospective claims except the claims that had been resolved before the signing date of this Agreement.

IN WITNESS THEREOF, Assignor has duly executed this Copyright Assignment.

NETBULA, LLC

By: _____

Dongxiao Yue, in his capacity as the President of Netbula, LLC

Title: President, Netbula, LLC

Date: 09-26, 2007

## EXHIBIT A

## THE POWERRPC COPYRIGHTS ASSIGNED TO DR. YUE

| Title of Copyrighted Work | U.S. Copyright Registration No. | Date of Registration |
|---|---|---|
| Netbula PowerRPC | TX 6-211-063 | October 18, 2005 |
| Netbula PowerRPC Runtime DLL 98-NT-SDK-NTCT | TX 6-446-398 | October 6, 2006 |
| Netbula powerRPC-98 | TX 6-459-456 | October 6, 2006 |
| Netbula PowerRPC PWRPC32.DLL 00-SDK-STK | TX 6-437-847 | October 3, 2006 |
| NETBULA POWERRPC 2K4 | TX 6-491-697 | December 15, 2006 |
| All Netbula PowerRPC and ONC RPC software created before January 1, 2007 | | |

## NOTARIZATION

Before me this _September 26, 2007_ personally appeared: <u>Dongxiao Yue,</u> to me known to be the person who is described in and who executed the foregoing copyright assignment instrument and acknowledged to me that he executed the same in his capacity as President of Netbula, LLC for the purpose therein expressed.

_Leroy E Hollingworth_
Notary Public

